IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| SAHARA INN, LLC | § | PLAINTIFF |
|---|---|---|
| | § | |
| V. | § | Civil No.1:08CV616HSO-RHW |
| | § | |
| XL SPECIALTY INSURANCE CO. | § | |
| DAVID PERKINS, INDIVIDUALLY, | § | |
| AND AS AN AGENT OF | § | |
| XL SPECIALTY INSURANCE CO., | § | |
| JOHN AND JANE DOES | § | |
| A, B, C, D, E, F, G and H | § | DEFENDANTS |

## ORDER AND REASONS DENYING PLAINTIFF'S MOTION TO REMAND

BEFORE THE COURT is the Motion to Remand [7] of Plaintiff Sahara Inn, LLC, filed on October 14, 2008. Defendant XL Specialty Insurance Company ("XL Specialty") filed a Response [9]. After consideration of the Motion, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion should be denied.

### I. BACKGROUND

**A.  Procedural History**

Plaintiff filed its Complaint on or about August 28, 2008, in the Circuit Court of Harrison County, Mississippi, against XL Specialty, David Perkins ("Perkins"), Individually, and as Agent of XL Specialty, and John and Jane Does A, B, C, D, E, F, G, and H. Plaintiff asserts claims against Defendants related to business property losses sustained as a result of Hurricane Katrina for

> breach of contract, bad faith breach of contract, negligence, negligent misrepresentation, gross negligence, malpractice, and other state law

-1-

> claims regarding the marketing, sale, and purchase of an insurance policy by the Plaintiff, as well as the wrongful denial of Plaintiff's claims made under the subject policy of insurance for losses occurring as a result of Hurricane Katrina.

Pl.'s Mot. ¶ 4.

On September 16, 2008, XL Specialty removed the case to this Court on grounds that in-state Defendant Perkins was fraudulently joined in order to circumvent the diversity jurisdiction of this Court. No other Defendants joined in the removal. On October 14, 2008, Plaintiff filed its Motion to Remand, contending that the Complaint was improperly removed since (1) process had not yet been served upon any Defendant, (2) all Defendants did not join in the removal, and (3) the Complaint states valid state law claims against Perkins. Plaintiff's Motion also seeks costs and expenses associated with the removal, including attorneys' fees.

**B.    Factual Background**

Plaintiff purchased XL Specialty Insurance Policy ("Policy") number 1CS2366100494501, to insure against losses to its business property located in Gulfport, Mississippi. The Policy was in effect from April 15, 2005, to April 15, 2006. Essentially, the only factual allegations made against Perkins are

> [i]n selling the subject policy of insurance to the Plaintiff, and collecting premiums under the policy, Defendant XL, by and through its agents, including Perkins, expressly and impliedly represented to Plaintiff that it would have full and comprehensive coverage for any and all direct physical losses, including those resulting from hurricanes, and including any and all damage proximately, efficiently, and typically caused by hurricanes, including but not limited to damage caused by hurricane driven winds and "storm surge".

Pl.'s Compl. ¶ 10.

Hurricane Katrina struck the Mississippi Gulf Coast on August 29, 2005, prior to the policy's expiration, allegedly causing a complete loss to the business premises. Plaintiff asserts that it timely and properly submitted a claim to XL Specialty, which denied payment for full policy limits for losses caused by Hurricane Katrina.

In its Complaint and Motion to Remand, Plaintiff alleges that it was led to believe during the procurement process that the policy would provide full and comprehensive coverage for all hurricane damage. XL Specialty contends that Plaintiff's allegations against Perkins are time-barred and otherwise cannot form the basis for valid state law claims against him and, therefore, this Court has subject matter jurisdiction over this case based on diversity of citizenship.

## II. **DISCUSSION**

### A. Untimely Removal

Plaintiff asserts XL Specialty "improperly, improvidently and in an untimely manner" removed this case in violation of § 1446(b) of title 28 of the United States Code, which states that

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

Plaintiff relies upon *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), for its position that "a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210-11 (5th Cir. 2005) (*citing Murphy*, 526 U.S. at 347-48). As noted by this Court in *Bell v. American General Finance, Inc.*, 267 F. Supp. 2d 582 (S.D. Miss. 2003), the "Fifth Circuit has explicitly rejected this interpretation of *Murphy*, holding that 'service of process is not an absolute prerequisite for removal.'" *Id.* at 583 (*quoting Delgado v. Shell Oil, Inc.*, 231 F.3d 165, 177 (5th Cir. 2000)).

In *Delgado*, the Court interpreted "§ 1446(b) and its 'through service or otherwise' language as consciously reflecting a desire on the part of Congress to require that an action be commenced...before removal, but not that the defendant have been served." *Delgado*, 231 F.3d at 177 (*citing* 28 U.S.C. § 1446(b)). The Court found an action to have commenced under Texas law when the petition was filed. *See id.* (*citing* TEX. R. CIV. P. 22). Similarly, this Court has found, under Mississippi law, that "[a] civil action is commenced by filing a complaint with the court." *Bell*, 267 F. Supp. 2d at 584 (*quoting* MISS. R. CIV. P. 3(b)).

Plaintiff filed its Complaint in this case on August 28, 2008. The Notice of Removal is dated September 16, 2008. This civil action had clearly commenced prior to XL Specialty's removal. Removal was timely and not contrary to § 1446(b) of title 28 of the United States Code.

## B. Fraudulent Joinder

### 1. *Standard of Review*

The removing party bears the burden of demonstrating fraudulent or improper joinder, and this burden is a heavy one. *See Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder can be established by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

Here, there is no allegation or evidence of fraud in pleading jurisdictional facts, so the Court will focus on the second method of establishing improper joinder. Under this method,

> [t]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical.

*Travis*, 326 F.3d at 648.

"[T]he threshold question for [the Court] is whether 'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (*quoting Smallwood*, 385 F.3d at 573). The burden of proof is on the removing party to establish improper joinder. *See Jabour v. Life Ins. Co. of North America*, 362 F. Supp. 2d 736, 740 (S.D. Miss. 2005). Under this standard, the plaintiff "may not rest upon the mere allegations or denials of [his] pleadings."

*Id.*(quoting *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000)). "In other words, the plaintiff cannot simply rely upon conclusory or generic allegations to survive a properly supported claim of fraudulent joinder." *Id.* (*citing Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 392-93 (5th Cir. 2000)). "Thus, the district court may 'pierce the pleadings' and consider 'summary judgment-type evidence' (e.g., affidavit and deposition testimony) when inquiring whether a resident defendant has been fraudulently joined." *Id.* (*citing Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)).

> While conducting this inquiry, however, the court must resolve all disputed questions of fact and ambiguities of state law in favor of the non-removing party, *see Ross*, 344 F.3d at 463, "but *only* when there exists an actual controversy, *i.e.* when *both* parties have submitted *evidence* of contradictory facts." *Badon*, 224 F.3d at 394(emphasis in original). A court should not, "in the absence of any proof, assume that the non-moving party could or would prove the necessary facts" to support its claims against a resident defendant. *Id.*

*Jabour*, 362 F. Supp. 2d at 740.

If a court finds, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder and hence no basis for asserting diversity of citizenship jurisdiction." *Id.* (*quoting Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

### 2. *Statute of Limitations on State Law Claims*

Plaintiff's Complaint advances state law claims against Perkins for "fraud,

fraudulent inducement, negligent misrepresentation, negligence, gross negligence, and malpractice *regarding the time of sale and purchase of the subject insurance policy.*" Pl.'s Mot. at ¶ 17 (emphasis added). Each of these claims is premised upon alleged representations made by Perkins at the sale and purchase of the Policy. *See* Compl. ¶¶ 10-13; 26-29; 53-57; 60-63. Pursuant to section 15-1-49 of the Mississippi Code, these claims are all subject to a three year limitations period. *See* MISS. CODE ANN. § 15-1-49.

With respect to claims of fraud and misrepresentation, this Court has found that "[t]he appropriate inquiry for determining the commencement of the limitations period centers on whether the alleged tortious conduct occurs at the formation of the insurance agreement or at a later time." *Poole v. Colonial Life & Accident Ins. Co.*, No. 1:06cv712, 2007 WL 4287534, at * 4 (S.D. Miss. 2007) (*citing Agnew v. Washington Mutual Finance Group*, 244 F. Supp. 2d 672, 676 (N.D. Miss. 2003)). "Where the alleged misconduct occurs during contract formation, the limitations period begins to run upon the purchase of the policy," absent tolling by fraudulent concealment or the discovery rule. *Id.* (*citing Agnew*, 244 F. Supp. 2d at 676); *see also Brumfield v. Pioneer Credit Co.*, 291 F. Supp. 2d 462, 471 n.6 (S.D. Miss. 2003).

In actions tolled by the discovery rule or fraudulent concealment, "the statute of limitations commences to run ...at the time the fraud is discovered, or at such time as the fraudulent concealment 'with reasonable diligence might have been first known or discovered.'" *Brumfield*, 291 F. Supp. 2d at 469 (*quoting Rainwater v. Lamar Life Ins. Co.*, 207 F. Supp. 2d 561, 568 (S.D. Miss. 2002)). Under Mississippi

law, however, "a party to a contract is obligated to read the contract before signing it, and cannot be heard to complain of an oral misrepresentation which would have been disclosed by reading the contract." *Agnew*, 244 F. Supp. 2d at 676. "Where the terms of a contract are made available to a contracting party, any reliance on alleged misrepresentations of those terms, is, as a matter of law, unreasonable." *Rainwater v. Lamar Life Ins. Co.*, 207 F. Supp. 2d 561, 567 (S.D. Miss. 2002); *see also Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 439-40 (5th Cir. 2007). The statute of limitations on a claim will not be tolled under such circumstances. *See Agnew,* 244 F. Supp. 2d at 676; *see also Leonard,* 499 F.3d at 440-41 (not tolling the statute of limitations on Plaintiff's misrepresentation claim where the policy terms were unambiguous); *Brumfield*, 291 F. Supp. 2d at 468-69.

Plaintiff bases its claims against Perkins upon representations which allegedly occurred during the "sale and purchase of the subject insurance policy." Pl.'s Mot. at ¶ 17; *see also* Compl. ¶¶ 11-13. There is no indication in the Complaint that any of the facts forming the basis of Plaintiff's claims against Perkins occurred subsequent to the Policy's purchase, and Plaintiff has not submitted evidence that the terms of the Policy were otherwise unavailable to it. No fraudulent concealment claim against Perkins could lie since the Policy conspicuously and unambiguously excludes damage caused by hurricane flooding and/or storm surge.[1] *See Leonard*,

---

[1]The Policy states, in part:

**Article XI   Excluded Causes of Loss**

499 F.3d at 430 (finding similar exclusions within an all-risk insurance policy unambiguous). Furthermore, to establish a claim of fraudulent concealment, Plaintiff must show that Perkins took some "action, affirmative in nature which was designed or intended to prevent and which did prevent, the discovery of the facts giving rise to the ... claims[s]." *Agnew*, 291 F. Supp. 2d at 469 (*quoting Davidson v. Rogers*, 431 So. 2d 483, 485 (Miss. 1983)). Plaintiff has presented neither factual averments nor evidence that would give rise to a claim of fraudulent concealment against Perkins.

Based upon the foregoing, Plaintiff's claims against Perkins are not tolled and the statute of limitations began to run at the time the Policy was purchased, on or

---

> This Policy does not insure against loss, expense, damage, demand or suit *arising out of, caused by or resulting from any Cause of Loss listed in this Article XI,* unless specifically added by Endorsement. Furthermore, loss, expense and damage the result of an excluded Cause of Loss are excluded from coverage herein whether a covered Cause of Loss that is covered by this Policy contributes concurrently or in any sequence to any loss, expense or damage.
>
> . . .
>
> 15.   Flood, which is defined to include:
>
> Waves, wave wash, wave action, storm surge, tide or tidal water, and the rising (including the overflow or breaking of boundaries) of lakes, ponds, reservoirs, rivers, harbors, streams and other similar bodies of water or surface waters, rain accumulation or run off, or by spray from any of the foregoing, whether driven by wind or not, ....

Policy, attached as Ex. "1" to Def.'s Resp. (emphasis added).

before April 2005.² Because Plaintiff's Complaint was not filed until August 2008, and because the claims asserted against Perkins had to be brought within three years, Plaintiff's claims against Perkins are time-barred. For this reason, the Court need not determine whether Plaintiff has any possibility of supporting the merits of its claims against Perkins under state law.

## C.     Joinder of All Defendants in Removal

Joinder is improper where a plaintiff's claims against a defendant have expired under the applicable statute of limitations. *See Parkway Imaging Center, Inc. v. Home Life Financial*, 198 F.3d 240, at *6 (5th Cir. 1999) (*citing LeBlang Motors, Ltd. v. Subaru of America, Inc.*, 148 F.3d 680, 690-92 (7th Cir. 1998) (holding district court properly dismissed claim as fraudulently joined where the statute of limitations for fraud under Illinois state law had run against the defendants)). "A fraudulently joined defendant need not join in or consent to the removal since only 'defendants who are properly joined and served must join in the removal [notice].'" *Williams v. Henson*, 42 F. Supp. 2d 628, 632 n.8 (N.D. Miss. 1999) (*quoting Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988)); *see also*

---

²XL Specialty submitted evidence that the Policy was in fact a renewal of policy number ICS2366100494500, with effective dates April 15, 2004, to April 15, 2005. *See* Policy No. ICS2366100494500, attached as Ex. "2" to Def.'s Resp. The initial policy contained identical exclusions for damage caused by flood and/or storm surge as Policy number 1CS2366100494501. *See id.* The Complaint does not specify with sufficient particularity whether the alleged representations were made at initial contract formation in 2004, or upon renewal. Out of an abundance of caution, the Court uses the latter of the two dates, the April 2005 renewal purchase date, in its analysis.

*Brumfield*, 291 F. Supp. 2d at 471 n.6 ("A fraudulently joined defendant is not required to join in the notice of removal"). Because Perkins was improperly joined, Plaintiff's argument that the Notice of Removal was defective on grounds that Perkins did not join in the removal cannot succeed.

### III. CONCLUSION

This case was properly removed from the Circuit Court of Harrison County, Mississippi. Based upon the foregoing, Plaintiff has no possibility of recovery against Defendant David Perkins, as all claims against him are time-barred. The Court must therefore conclude that this Defendant was improperly joined. The Court has subject matter jurisdiction over this suit pursuant to section 1332 of Title 28 of the United States Code, and the case will proceed in this Court against the remaining Defendants.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Remand [7] of Plaintiff Sahara Inn, LLC, filed on October 14, 2008, in the above captioned cause, should be and is hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's claims against Defendant David Perkins are hereby dismissed with prejudice.

**SO ORDERED AND ADJUDGED**, this the 8th day of December, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE